THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MATTHEW LEVI FAISON,<br><br>Plaintiff,<br><br>v.<br><br>SUNDANCE MUSICAL DANCING AND SINGING FESTIVAL et al.,<br><br>Defendants. | **MEMORANDUM DECISION & DISMISSAL ORDER**<br><br>Case No. 1:25-CV-42-TS<br><br>District Judge Ted Stewart |

Plaintiff, Matthew Levi Faison, a federal inmate in Florida, filed a *pro se* civil complaint. *See* 42 U.S.C.S. § 1983 (2025). The Complaint names four defendants allegedly associated with a Sundance festival, asserting they "fail[ed] to shift musical instruments P.A. systems that was paid for in full of a sum of $50,000,000,000 million, in violation of the infringement act, under competition under" federal law. (ECF No. 1.)

Because Plaintiff had, three or more prior times while incarcerated, filed an action dismissed as "frivolous or malicious or fail[ing] to state a claim upon which relief may be granted," 28 U.S.C.S. § 1915(g) (2025), the Court concluded that Plaintiff could not proceed *in forma pauperis* but must pay his entire $350 filing fee up front. (ECF No. 4 (April 7, 2025).) The Court then warned that Plaintiff's action would be dismissed unless he paid the full filing fee within thirty days. (*Id.*) When the Court did not hear from Plaintiff, on May 27, 2025, the Court ordered Plaintiff to within thirty days show cause why this action should not be dismissed for his failure to pay his filing fee. (ECF No. 6.) Plaintiff has not since paid the filing fee. But he has responded to the Order to Show Cause. (ECF No. 7.)

Arguably, the sole relevant point made by Plaintiff's response appears to touch on the exception to § 1915(g), which states that a Plaintiff may proceed *in forma pauperis* after having "on 3 or more prior occasions, while incarcerated . . ., brought a frivolous, malicious," or invalid claim, only if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C.S. § 1915(g) (2025). Specifically, Plaintiff's point is that he "has physical injury on his face and above his right eyebrow of a showing of physical injury." (ECF No. 7, at 4.) He goes on to quote the following language (with a footnote to *United States v. Countryside Farms, Inc.*, 428 F. Supp. 1150 (D. Utah 1977), though the Court was unable to find the exact language there or anywhere):

> (1) "The tangible evidence inspected will show at all times that Plaintiff is suffering because of the injury and the evidence is concrete, particularized, and actual or imminent. *Id.*, the photograph; (2) the injury caused by the Defendants; and (3) that the injury would likely be redressed by judicial relief. . ."

(*Id.* at 4-5.)

While Plaintiff's point misses the mark, his "quote" does contain some words similar to the concept that *is* pertinent here: For a prisoner-plaintiff to qualify for the imminent-danger exception of § 1915(g), there must exist "a sufficient nexus . . . between imminent danger and the prisoner's complaint," such that "the danger of serious physical injury 'is fairly traceable to unlawful conduct asserted in the complaint and . . . a favorable judicial outcome would redress that injury.'" *Boles v. Colorado Dep't of Corr.*, No. 22-1086, 2023 U.S. App. LEXIS 2634, at *7 (10th Cir. Feb. 2, 2023) (unpublished) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)).

However, when Plaintiff says he "has physical injury on his face and above his right eyebrow," (ECF No. 7, at 4), he does not assert any named defendant is the cause of the injury,

nor does the sole claim of Defendants "shift[ing] musical instruments" in violation of an infringement act conjure any possibility that Plaintiff's physical injury could have been caused by Defendants' allegedly illegal acts or that winning this suit could remedy an "imminent . . . serious physical injury." 28 U.S.C.S. § 1915(g) (2025). Thus, Plaintiff's argument--that § 1915(g)'s exception rescues him from its three-strikes provision--fails.

Accordingly, based on Plaintiff's failure to pay the full filing fee, **IT IS ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C.S. § 1915(g) (2025).

DATED this 1st day of July, 2025.

BY THE COURT:

_____
TED STEWART
United States District Judge